Dontae ROBINSON, Appellant,

v.

The STATE of Texas.

No. 1701–99.

Court of Criminal Appeals of Texas.

April 12, 2000.

Richard E. Langlois, San Antonio, for appellant.

Scott Roberts, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court in which McCORMICK, P.J., and KELLER, PRICE, HOLLAND, WOMACK, JOHNSON and KEASLER, J.J., joined.

A jury convicted appellant of felony possession with intent to deliver cocaine and assessed punishment at seventy-five years confinement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp. 1998). In his sole point of error on appeal, appellant argued that he was denied the effective assistance of counsel at his trial in violation of both the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas Constitution.[1] The Court of Appeals held that, by failing to make a timely request, objection, or motion to the trial court raising the ineffective assistance claim, appellant's complaint was barred by Rule 33.1(a) of the Texas Rules of Appellate Procedure.[2] *Robinson v. State*, No. 10–98–194–CR, slip op. at 5 (Tex.App.—Waco August 25, 1999) (not designated for publication). We granted appellant's Petition for Discretionary Review to determine whether the Court of Appeals erred in deciding that a claim of ineffective assistance of counsel could be forfeited pursuant to Rule 33.1(a).

In reaching its conclusion that appellant's ineffectiveness claim was barred by the general rule of procedural default, the appellate court relied on its previous decision in *Gonzalez v. State*, 994 S.W.2d 369 (Tex.App.—Waco 1999, no pet.). In that case, the Waco court determined that the "clear language" of Rule 33.1(a) prevented a similarly situated appellant from raising an ineffective assistance of counsel claim for the first time on appeal. *See id.* at 373. The *Gonzalez* court noted the general axiom that, " '[i]n most instances, the record on direct appeal is inadequate to develop an ineffective assistance claim.' " *Id.* (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Crim.App.1997)). It then concluded that the proper mechanism to develop the record in the ineffective assistance of counsel context was to present the argument to the trial court in a motion for new trial under Texas Rule of Appellate Procedure 21. *Id.* at 373–74. The *Gonzalez* court held that by failing to present the claim to the trial court in such a manner, the appellant was procedurally barred from raising the issue on appeal. *Id.* at 374. Relying on *Gonzalez*, the Court of Appeals overruled appellant's point of error. *Robinson*, slip op. at 5.

■ Rule 33.1(a) generally requires that a complaint be presented to the trial court "by a timely request, objection, or motion" as a prerequisite to presenting the complaint for appellate review. However, this Court has suggested in *dicta* that an ineffective assistance of counsel claim will generally not be foreclosed because of an appellant's inaction at trial. *See Randle v. State*, 847 S.W.2d 576, 580 (Tex.Crim.App. 1993). We have expressed two separate

---

1. In the Court of Appeals, appellant alleged five instances where trial counsel rendered ineffective assistance. Specifically, he argued that (1) trial counsel failed to timely request notice of the State's intention to introduce evidence of prior crimes or bad acts; (2) trial counsel failed to present a motion to suppress evidence based on an allegedly illegal traffic stop; (3) trial counsel failed to request a limiting instruction requiring the jury to disregard illegally seized evidence; (4) trial counsel failed to conduct a sufficient factual investigation to enable counsel to defend against the murder allegation presented at the punishment phase; and (5) trial counsel failed to adequately explain the extent to which prior unadjudicated bad acts could be used to impeach him.

2. TEX.R.APP. P. 33.1 provides, in relevant part:
   (a) *In general.* As a prerequisite to presenting a complaint for appellate review, the record must show that:
      (1) the complaint was made to the trial court by a timely request, objection, or motion . . . and
      (2) the trial court:
      (A) ruled on the request, objection, or motion, either explicitly or implicitly; or
      (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

rationales that support an exception to the general rule of procedural default in the ineffective assistance of counsel context. First, we have noted the many practical difficulties with requiring an appellant to claim ineffective assistance at the time of trial or immediately post-trial. For example, in *Randle*, we rejected the Court of Appeals' suggestion that the appellant's ineffective assistance claim had been waived by a failure to object with sufficient specificity to preserve the complaint. *Id.* at 580. We held that the claim had been adequately preserved by means of a pre-trial Motion for Protective Order and post-trial Motion for New Trial. *Id.* at 579–80. We then continued:

> Even if appellant and defense counsel had chosen to do nothing before or at the time of trial to bring to the trial court's attention the particulars [that underlay appellant's Sixth Amendment claim], there is no reason for appellant to have been required to specifically claim ineffective assistance of counsel at the time of trial. We do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of

counsel nature are discovered. *The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief.*

*Id.* at 580 (emphasis added). Thus, a defendant could not, by inaction at trial, waive the right to make an ineffective assistance of counsel claim on appeal. *Id.*

The second reason we have given for not enforcing a procedural bar in this context is because there is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, we have noted that a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge:

> While expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point. Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if the trial counsel remains counsel during the time required to file such a motion. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.

*Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim.App.1997) (internal citation omitted).[3]

**3.** The State argues that, despite our language in *Randle* and *Torres*, our opinion in *Henderson v. State*, 962 S.W.2d 544, 558 (Tex. Crim.App.1997), controls the instant case. In *Henderson*, the appellant argued that her counsel rendered ineffective assistance when he revealed to law enforcement that the appellant had drawn a map to the location of the victim's body. *Id.* at 557. On appeal, she maintained that this action fell below an objective standard of reasonableness for two reasons: (1) that counsel had no legitimate trial strategy for revealing the information, and (2) revealing the information violated the attorney-client privilege. *Id.* at 557–58. The appellant chose to litigate the issue in the trial court in a pre-trial motion to suppress, but

raised only the second rationale to support her claim. *Id.* We held that the appellant had procedurally defaulted her first argument by failing to present that argument to the trial court as well. *Id. Henderson* is readily distinguishable from the case at bar. First, unlike the instant case, Henderson chose to litigate her ineffectiveness claim in the trial court rather than wait and develop her argument post-trial. When an appellant chooses this path, she must be cautious to fully develop the claim in the first instance. Second, the counsel whose effectiveness was challenged in *Henderson* was a Missouri attorney assigned during extradition only. His formal responsibilities therefore ended when the defendant was moved to Texas, giving trial counsel in

Indeed, we have increasingly noted that, in most cases, the pursuit of such a claim on direct appeal may be fruitless. *See id.* ("In most cases, the record on direct appeal is inadequate to develop an ineffective assistance claim"); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999) ("Rarely will a reviewing court be provided with the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation") (footnote omitted); *see also Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim.App.1998) (noting that because record on direct appeal usually insufficient to adequately reflect failings of trial counsel, appellate court will not apply general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal). In the instant case, many of the practical concerns cited above militate against enforcing a procedural bar to appellant's ineffective assistance claim on appeal.[4] Appellant's sentence was imposed on April 22, 1998. Trial counsel filed a timely notice of appeal on May 6, 1998. On the same day, trial counsel withdrew as attorney of record, citing a possible conflict of interest if the appeal required him to argue his own ineffectiveness. Appellate counsel Jay Brandon was appointed on the same date. On May 28, 1998, the clerk's record shows that appellant retained Richard Langlois ("Langlois") to represent him in his appeal. On June 1, the court reporter received a request from Langlois for a transcribed statement of facts. The transcribed record was completed on July 16.

The time requirements for filing and presenting a motion for new trial would have made it virtually impossible for appellate counsel to adequately present an ineffective assistance claim to the trial court. *See* Tex.R.App. P. 21.4 (requiring motion for new trial to be filed no later than 30 days after trial court imposes sentence); Tex.R.App. P. 21.6 (requiring defendant to present motion for new trial to trial court within 10 days of filing it unless trial court, in its discretion, allows additional time). The transcription of the record alone took the court reporter a full month and a half. Moreover, it would be absurd to require trial counsel to litigate his own ineffectiveness in a motion for new trial in order to preserve the claim for appeal. *See, e.g., Johnston v. Mizell,* 912 F.2d 172, 176 (7th Cir.1990) ("It is too much to expect counsel to argue post-trial

that case a greater opportunity to investigate the predicate for the claim.

4. Faced with an identical argument that an appellant's ineffective assistance of counsel claim was procedurally barred by his failure to raise it before the trial court, the Supreme Court of Mississippi expressly held that "[t]he procedural bar rule has no application to the issue of ineffective assistance of counsel...." *Read v. State,* 430 So.2d 832, 837 (Miss.1983). The *Read* court held that although the record in the case before it was insufficient to sustain the appellant's Sixth Amendment argument on direct appeal, the court's affirmance was without prejudice to the defendant's right to fully litigate his claim via proper post-conviction proceedings. *Id.* The Mississippi court enumerated several reasons for its refusal to enforce its own rule of procedural default in the ineffective assistance of counsel context: (1) the right to effective assistance of counsel is a fundamental right requiring a "meaningful and realistic opportunity to assert the right"; (2) it is unrealistic to expect that the lawyer charged with ineffectiveness will raise and preserve the issue in the trial court and a new appellate attorney is not in a position to raise the issue until after it has been finally and forever waived; (3) it would be unfair to place the burden on the individual defendant to raise the issue at trial; (4) because ineffective assistance of counsel is generally a cumulative inquiry, the earliest sensible time to raise the issue is after the jury's verdict; (5) "[p]ractical reality being as it is ... on the ineffective assistance of counsel issue, there is no meaningful opportunity to present the issue to the trial court"; (6) the adoption of a procedural bar in this context is particularly inappropriate because, in the rare instances where the claim is meritorious, the denial of the right "is far less likely to be harmless error than almost any other denial of a right at trial that can be imagined"; and (7) the State's interest in having a claim first presented to the trial court does not override a defendant's right to the effective assistance of counsel. *Id.* at 837–41.

his own ineffectiveness at trial, so if the issue is not raised post-trial it is excusable"); *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982) (allowing exception to general rule of error preservation in ineffective assistance context "[b]ecause these claims (realistically) are not made by attorneys against their own actions"). First, it is unrealistic to expect that the attorney charged with ineffectiveness will subsequently realize all of his mistakes and be able to adequately prosecute the claim. This is especially true in a case like the one at bar, where the errors alleged are acts of omission. Had counsel realized that some action on his part was required, he almost certainly would have taken it in the first instance. Second, the potential exists for a conflict of interest were we to require counsel to argue his own ineffectiveness at trial. Appellant's own counsel realized this possibility and correctly sought to withdraw as attorney of record.

In addition to the practical reasons expressed by this Court in *Randle* and *Torres* for recognizing an exception to the rule of procedural default in the ineffective assistance context, we have also suggested that, as a fundamental constitutional right, such a Sixth Amendment challenge is not subject to the requirements of Rule 33.1(a).[5] In *Ex parte Gonzalez*, this Court reinforced the well-established proposition that "the Sixth Amendment right to counsel is not forfeitable, but may only be waived by the conscious and intelligent decision of the person who holds the right." 945 S.W.2d 830, 835 (Tex.Crim. App.1997) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)); *see also Marin v. State*, 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993) (suggesting in *dicta* that "right[ ] to the assistance of counsel" need not be preserved in trial court in order to be raised on appeal), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.

App.1997). Moreover, the Supreme Court has emphasized that the Sixth Amendment "right to counsel" necessarily means the right to the *effective assistance* of counsel:

The special value of the right to the assistance of counsel explains why "[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The text of the Sixth Amendment itself suggests as much. The Amendment requires not merely the provision of counsel for the accused, but "Assistance," which is to be "for his defence." Thus, "the core purpose of the counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Ash*, 413 U.S. 300, 309, 93 S.Ct. 2568, 2573, 37 L.Ed.2d 619 (1973). If no actual "Assistance" "for" the accused's "defence" is provided, then the constitutional guarantee has been violated.

*United States v. Cronic*, 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984) (footnote omitted). Indeed, when the Court established the constitutional standard for evaluating counsel's performance, it required that a defendant show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Thus, when the Supreme Court speaks of a Sixth Amendment "right to counsel," it necessarily means the right to the "reasonably effective assistance" of counsel. *See id.* For this reason, the standards for waiver should not be any less stringent in the context of an ineffec-

---

5. Rule 33.1(a) is not an act of the Legislature, but rather was promulgated by this Court pursuant to the rulemaking authority granted it in TEX. GOV'T CODE ANN. § 22.108 (Vernon Supp.2000). That provision expressly provides that those rules "may not abridge, enlarge, or modify the substantive rights of a litigant." *Id.* at § 22.108(a).

tive assistance claim than when we are speaking of a "right to counsel" claim. Functionally, they are synonymous.[6]

■ There is no evidence in the record that appellant waived his right to the effective assistance of counsel. There was also no meaningful or realistic opportunity for appellant to present his ineffective assistance of counsel claim to the trial court either at trial or in a motion for new trial. For these reasons, the Court of Appeals erred in concluding that appellant forfeited his right to complain that his attorney rendered ineffective assistance of counsel by failing to comply with Rule 33.1(a). The judgment of the appellate court is therefore vacated and the cause remanded for the Court to consider appellant's Sixth Amendment claim on the merits.[7]

MANSFIELD, J., delivered a dissenting opinion.

MANSFIELD, J., delivered the dissenting opinion.

Because I believe the Court of Appeals concluded correctly that claims of ineffective assistance of counsel may be forfeited and thus not be subject to review on appeal pursuant to Texas Rule of Appellate Procedure 33.1, I respectfully dissent. The majority describes five instances that occurred during appellant's trial which are averred by appellant to constitute ineffective assistance of counsel. The right to the effective assistance of counsel is a right of constitutional dimensions being a right granted by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994). In order to prevail, an appellant alleging a claim of ineffective assistance of counsel must show:

(1) That counsel's performance fell below the level considered to constitute reasonably effective professional assistance, with the strong presumption being that counsel's performance was reasonably effective; and

(2) But for counsel's errors, there is a reasonable probability the outcome of appellant's trial would have been different.

*Strickland*, 104 S.Ct. at 2066, 2068.[1]

Texas Rule of Appellate Procedure 33.1(a) generally requires that, in order to

---

**6.** For instance, it is axiomatic that a defendant who chooses to forgo the assistance of counsel and represent himself at his trial also necessarily waives his right to complain on appeal that he was rendered ineffective assistance. The waiver of the former necessarily includes the latter. *See generally Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541,45 L.Ed.2d 562 (1975) ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits") (citations omitted). But in order to waive the Sixth Amendment right to counsel, the constitution requires that a defendant do so competently, voluntarily, knowingly and intelligently. *Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App.1997) (citations omitted). Simple inaction at trial is generally not sufficient to constitute a waiver. *See Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) ("Presuming waiver from a silent record is impermissible. The record must show, or there must be

an allegation and evidence which must show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver").

**7.** In remanding the case to the Court of Appeals, we are mindful that only in rare cases will the record on direct appeal be sufficient for an appellate court to fairly evaluate the claim. *See Thompson*, 9 S.W.3d at 814. Thus, in many cases where an appellant does not litigate the ineffective assistance claim before the trial court, the proper procedure will be for the appellate court to overrule an appellant's Sixth Amendment claim without prejudice to appellant's ability to dispute counsel's effectiveness collaterally. *Id.* However, in the rare case where the record on direct appeal is sufficient to prove that counsel's performance was deficient, an appellate court should obviously address the claim in the first instance. *Id.*

**1.** Whether appellant's ineffective assistance of counsel claim is meritorious is not for us to decide.

preserve a complaint for appellate review, the complaining party must have made the complaint known to the trial court by means of a timely request, objection or motion. Furthermore, the trial record must show the trial court ruled explicitly or implicitly on the request, motion or objection or refused, over the complaining party's objection, to rule on the request, motion or objection. There is no doubt, in the present case, appellant failed to raise the issue of ineffective assistance of counsel at trial and, given the circumstances, could not have been expected to do so.

I agree with the majority that an ineffective assistance of counsel claim will generally not be foreclosed because of an appellant's inaction at trial. I agree with the rationale of the Supreme Court of Mississippi (see majority op. at footnote 4) that because the effective assistance of counsel is a "fundamental right requiring a meaningful and realistic opportunity to assert the right" and, because it is unreasonable for the trial lawyer to raise the issue of his own effectiveness at trial, the defendant must be provided a means to raise this issue post-trial. *Read v. State,* 430 So.2d 832, 837 (Miss.1983). In *Read,* the court held ineffective assistance claims could not be foreclosed by the general rule requiring claims to be raised at trial in order for them to be preserved for appellant review.

However, in the present case, application of Rule 33.1 does not foreclose the appellant from meaningful post-trial review of his claim that trial counsel's assistance was ineffective. Appellant may advance his claim by filing a post-conviction writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07. Indeed, article 11.07 is by far the preferable means by which a claim of ineffective assistance of counsel can be fully and fairly developed. Appellant's claims in the present case amount to an allegation of acts of omission by trial counsel that, due to their

very nature, are outside the trial record and are thus not amenable to meaningful appellate review.

An article 11.07, section 3 proceeding will allow appellant an opportunity to litigate his claim his counsel was constitutionally ineffective. The habeas court is given considerable power to decide whether the claim is valid, and may require that trial counsel file an affidavit—on the record—explaining why he did what he did (or did not do) or may order a hearing and make findings of fact and recommend that relief be granted or not be granted. The findings of the habeas court are then, of course, subject to review by this Court pursuant to article 11.07, section 5.

We recently held in *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997) that a writ of habeas corpus is the preferred method for evaluation of claims of ineffective assistance of counsel. Indeed it may well be, in most cases, the only means by which a record can be developed to determine the validity of such claims, a record that is rarely available for the appellate court to evaluate.

Accordingly, because article 11.07 provides a practical means by which claims of ineffective assistance of counsel can be fully and effectively litigated, I would affirm the court of appeals and hold that claims of ineffective assistance of counsel, though of constitutional dimension, are subject to the general rule of procedural default as set forth in rule 33.1.[2]

I respectfully dissent.

---

**2.** In some cases, a claim of ineffective assistance of counsel may be preserved for appellate review by the timely filing of a Motion for

New Trial. It is uncertain whether this was possible in the present case.