NUMBER
13-00-757-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

                                                                                                                     


 

LUIS MALDONADO,                                                            Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

                                                                                                                                      


                                                    

    On appeal from the 103rd District Court of
Cameron County, Texas.

                                                                                                                     


 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellant, Luis
Maldonado, pleaded guilty, without a plea agreement, to aggravated assault with
a deadly weapon, three counts of injury to a child, four counts of indecency
with a child, and two counts of aggravated sexual assault of a child.  The court sentenced appellant to twenty years
confinement for the aggravated assault charge; ten years for each count of
injury to a child; twenty years for each count of indecency with a child; and
forty years for each count of aggravated sexual assault of a child, with the
sentences to be served concurrently in the Texas Department of Criminal
Justice, Institutional Division. 
Appellant challenges his conviction with one issue on appeal.  We affirm.

In his sole
issue on appeal, appellant argues that his original trial counsel was
ineffective.  Specifically, appellant
alleges that his counsel failed to inform him of the maximum range of the
punishment he faced, and, because of his failure to understand the risk, he
rejected the State=s offer of a
plea bargain, which included a recommendation for twenty years confinement.[1]








We review
ineffective assistance of counsel claims under the two-part test set forth in Strickland
v. Washington, 466 U.S. 668, 687 (1984), and Hernandez v. State, 726
S.W.2d 53, 53- 56 (Tex. Crim. App. 1986).  That test requires the appellant to show
that: (1) counsel's performance fell below an objective standard of
reasonableness under prevailing norms; and (2) there is a reasonable
probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694; see
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); Moreno v. State, 1 S.W.3d 846, 864 (Tex. App.BCorpus Christi
1999, pet. ref'd). 
We examine the totality of the representation, as reflected in the
record, in making this determination. Jackson, 877 S.W.2d at 771.  Appellate courts apply a strong presumption
that counsel's actions fell within the range of reasonable professional
assistance.  Id.  The appellant bears the burden of proving
ineffective assistance of counsel by a preponderance of the evidence. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985).

As the court of
criminal appeals has noted, "only in rare cases will the record on direct
appeal be sufficient for an appellate court to fairly evaluate" a claim of
ineffective assistance.  Robinson v.
State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App.
2000).  In the instant case, the trial
court held a AHearing on
Defendant=s Motion to
Limit Punishment,@ in which the
trial court heard testimony concerning the circumstances surrounding appellant=s original
counsel and the plea bargain at issue. 
Thus, we have before us a record sufficient to fairly evaluate the claim
of ineffective assistance.

We hold that
appellant has failed to carry his burden of proving ineffective assistance of
counsel.  Both appellant and his counsel,
Jaime Diez, testified at the hearing.  Their testimony conflicted on several
points.  Diez
testified that he informed appellant that he faced the Apossibility he
could get a lot of years,@ although Diez could not remember the specific number of years.  According to Diez,
he told appellant that the plea bargain for a twenty-year sentence was a Agood offer.@  Diez also testified
that he had a hard time working with appellant, because appellant was hostile
towards him.  Diez
sought to withdraw from the representation after an incident in which appellant
was angered by viewing the victims= videotaped
allegations against him.








Appellant
testified that Diez did not tell him of the range of
punishment facing him.  Appellant stated
he believed the range of punishment was two to twenty years, a figure he
derived from hearing other inmates in the county jail discuss their cases.  However, appellant also stated that because
he was not segregated from the general inmate population, he was instructed not
to discuss his case with other inmates, and did not do so.[2]  According to appellant, after Diez withdrew, the State withdrew its twenty-year plea
bargain offer, and raised the offer to thirty years.  Appellant testified that after Diez withdrew, and appellant=s new attorney informed him of the
potential range of punishment, appellant never tried to re-urge the twenty-year
plea bargain.

The trial court
also heard testimony from District Attorney Geoff Henley.  Henley testified that when Diez=s replacement,
Angel Castro, was appointed, the offer for twenty years was still available,
but only for Athe next twenty
or fifteen minutes.@[3]  Henley also substantially confirmed Diez=s testimony
concerning the viewing of the videotapes, which led to appellant becoming angry
with Diez.[4]








Appellant has
failed to show by a preponderance of the evidence that Diez
was ineffective in representing him. 
Even if appellant was unaware of the specific amount of time for which
he could be sentenced if convicted, he knew he was charged with several serious
felonies.  The record shows that
appellant was unhappy with his original attorney, and felt he was being
mistreated when his attorney required him to review the victims= taped
statements.  When the hostility between
appellant and Diez began to interfere with the
representation, Diez withdrew and new counsel was
appointed.  At that time, the plea
bargain remained available, albeit only briefly, but was not accepted by
appellant.  The testimony before the
trial court shows that appellant and his original counsel did not have a good
relationship; however, the record does not show that the representation
afforded appellant fell below the objective standard of reasonableness.  See Jackson, 877 S.W.2d at 771.  Even if appellant=s original
counsel failed to specifically inform him of the risk he faced by refusing the
plea bargain, appellant knew that he faced multiple felony counts and  was told that the State=s original
offer was a good offer.  Further,
District Attorney Henley testified that after appellant=s original
counsel withdrew and new counsel was appointed, there was a period during which
the twenty-year offer remained available. 
Thus, even if appellant had met the first prong of the Strickland
test, he cannot demonstrate that he meets the second prong, i.e., that
absent counsel=s deficient
performance, the result of his case would have been different.  See Strickland, 466 U. S. at 694.

We AFFIRM the
judgment of the trial court.

 

 

                                                                                                                      

LINDA REYNA YAÑEZ

Justice

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

23rd day of May, 2002.











[1]It
is ineffective assistance for a defense attorney to fail to inform a defendant
of a plea bargain.  Ex Parte Lemke, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000). 
However, in the instant case, appellant was informed of the plea
bargain. 





[2]Inmates
accused of sexual crimes, especially against children, are generally segregated
from the general inmate population for their own protection.





[3]The
Atwenty or
fifteen minutes@
apparently  began to elapse at the time
appellant=s new counsel
was appointed; however, it is unclear from the record before this Court. 





[4]Appellant
stated that he felt Diez was subjecting him to mental
anguish by having him watch the videotapes of the victims=
statements, especially with the District Attorney present.  Diez testified that
watching the tapes was necessary to develop a strategy for questioning the
witnesses at trial, a statement corroborated by the appellant himself.  District Attorney Henley testified that Diez did not ask to review the tapes privately with his
client without Henley=s presence.