Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed and Memorandum Opinion filed February 5,
2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01025-CR

____________

 

ROBERTO MIGUEL LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 855,269

 



 

M E M O R A N D U M  
O P I N I O N

The jury found appellant guilty of capital murder and the
trial court assessed punishment at confinement in the Texas Department of
Justice, Institutional Division, for life. 
In a single point of error, appellant contends he was denied effective
assistance of counsel because his trial counsel failed to object to the
introduction of an extraneous offense. 
We affirm.

 

 








FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2000, Emir Alvarez was at his apartment
with Oscar Alvarez and Rigoberto Navarro.  Around 3:00 a.m., there was a knock on the
door and Oscar answered it.  Some
individuals yelled Apolice@ and attempted to force their
way into the apartment.

Emir ran to his bedroom to get his pistol.  When Emir returned to the living room, he saw
Oscar and Rigoberto struggling with two men, both of
whom were armed with pistols.  One of the
intruders fired his pistol at Emir, who ran for cover and returned fire.  The other intruder fired his pistol at Oscar
and Rigoberto. 


The two intruders fled the apartment, along with two other
men who had remained outside the apartment. 
Emir followed them from a distance but then lost sight of them.  When he returned to the apartment, both Oscar
and Rigoberto were lying on the sofa.  Rigoberto had
already died and Oscar died approximately twenty minutes later.

An emergency medical technician called to the apartment in
response to the shooting observed appellant lying in the parking lot with a
gunshot wound to his abdomen.  Appellant
was transported to a hospital.

The next day Emir went to the Houston Police Department.  He identified a photograph of appellant as
the intruder who fired at him, and he identified a photograph of Emilio Rubio
as the intruder who fired at Oscar and Rigoberto.

Appellant was indicted for the murders of Oscar and Rigoberto during the course of the same criminal
transaction.  The jury found appellant
guilty of capital murder.  Because the
State did not seek the death penalty, the trial court assessed punishment at
confinement in the Texas Department of Justice, Institutional Division, for life.

ANALYSIS








In a single issue, appellant contends he was denied
effective assistance of counsel because his trial counsel failed to object to
the introduction of an extraneous offense. 
He had introduced a witness statement Emir filed with the Houston Police
Department.  The statement included
testimony that, AI believe one of the tall black
males who entered my apartment on this date is the same male who assaulted me
in the past.@  This statement referred to an aggravated
robbery which had occured in Alvarez=s apartment two and one-half
months earlier.  The State advised the
court that it intended to ask Alvarez whether appellant was the man involved in
the prior robbery.  Appellant=s trial counsel began to
object, but then withdrew the objection.[1]

To prove ineffective assistance of counsel, a defendant must
show that (1) counsel=s performance fell below an
objective standard of reasonableness under prevailing professional norms, and
(2) there is a reasonable probability that, but for counsel=s deficient performance, the
result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 694 (1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995). 
When reviewing a claim of ineffective assistance of counsel, we must
give much deference to trial counsel and presume counsel made all significant
decisions in the exercise of reasonable professional judgment.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).  An allegation of ineffectiveness must be
firmly founded in the record.  Thompson,
9 S.W.3d at 813.  Except in rare cases, a
claim of ineffective assistance must be brought by application for writ of
habeas corpus rather than direct appeal; this is to develop the facts and allow
trial counsel to explain his actions.  See
Robinson v. State, 16 S.W.3d 808, 813 (Tex. Crim.
App. 2000).  Failure to object to
admissible evidence does not constitute ineffective assistance of counsel.  See Gosch
v. State, 829 S.W.2d 775, 784 (Tex. Crim. App.
1991).








Although evidence of an extraneous offense is not admissible
to prove character conformity, it may be admissible for other purposes,
including proof of identity.  Tex. R. Evid. 404(b).   Impeachment on cross-examination of the
State=s only identifying witness can
raise the issue of identity.  Siqueiros v. State, 685 S.W.2d 68, 71 (Tex. Crim. App. 1985). 
Even if evidence of an extraneous offense is improperly admitted in the
State=s case-in-chief, the error can
subsequently be rendered harmless if the defense raises the issue of
identity.  Id.  Appellant raised the issue of identity by
denying that he shot anyone in Emir=s apartment, by denying that he
knew Rubio, his co-defendant, and by giving alibi testimony that he was
purchasing marijuana at a different apartment at the time of the shootings.

Merely raising the issue of identity does not render
evidence of an extraneous offense admissible, however.  See Johnson v. State, 68 S.W.3d
644, 650B51 (Tex. Crim.
App. 2002).  In order to be admissible to
establish identity, Aan extraneous offense must be
so similar to the charged offense as to mark the offenses as the defendant=s handiwork.@  Id. In determining the similarity of
the offenses, we take into account both the characteristics of the individual
offenses and the time interval between them. 
Id. at 651.

In both the extraneous offense and the charged offense, the
intruders forced their way into Emir=s apartment after the door was
opened by an occupant, brandished firearms, and assaulted the occupants.  Each offense occurred late at night and
approximately three days after Emir and his wife had won several thousand
dollars in a Atanda@ (a savings club in which
participants withdraw the entire savings pool in an order determined by
lottery).  The offenses occurred about
two and one-half months apart.  Further, unlike
most instances when the State seeks to introduce evidence of extraneous
offenses, both the extraneous offense and the charged offense were witnessed by
the same person, Emir.  Admission of the
extraneous offense to establish identity was not an abuse of the trial court=s discretion.  See Lane v. State, 933 S.W.2d
504, 518 (Tex. Crim. App. 1996). 








Even if this evidence was inadmissible, appellant has also
not demonstrated that his counsel=s performance fell below an
objective standard of reasonableness. 
The record includes only trial counsel=s statement that, AAs far as the admissibility of
the extraneous, I believe that with the entire report, the statement that he
gave us in evidence, it=s there.  So I don=t have an objection to it,
Judge, except forCwell, she can ask him and we=ll go through it, Judge.@  This statement fails to show the reasoning
behind trial counsel=s actions and we will not
speculate as to trial counsel=s reasoning.  Thus, appellant has failed to rebut the
strong presumption that trial counsel=s conduct fell within the range
of reasonable professional assistance.  See
Thompson, 9 S.W.3d at 813. 
Appellant=s point of error is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 5, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant=s trial counsel=s full
statement was:

Judge, my objection would be that I don=t
believe that onCthat he has said that he has identified one of these
people.  He said in a statement that he
believes that one of the people that assaulted him in the past was a tall and
skinny black male.  That=s my objection. 
Not that these people, but a tall, black, skinny male assaulted him in
the past. 

And as far as the rest of it, for the record, Judge, I will object to
the rest of the entire statement coming in as far asCwell, for her to cross-examine himCI withdraw my objection, Judge.  As far as the admissibility of the
extraneous, I believe that with the entire report, the statement that he gave
us in evidence, it=s there.  So I
don=t have an objection to it, Judge, except forCwell, she can ask him and we=ll go through it, Judge.