COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-507-CR
 
  
ARTHUR 
E. DUKU                                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Arthur E. Duku appeals his sentence of thirty years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice. Appellant 
entered an open plea of guilty to the offense of aggravated sexual assault of a 
child under the age of fourteen and elected to have the court assess punishment. 
In his sole point on appeal, Appellant complains that he received ineffective 
assistance of counsel at his punishment hearing because his counsel did not 
raise a Sixth Amendment confrontation clause objection when the State presented 
extraneous offense evidence through cross-examination of a witness. We will 
affirm.
Background
        Only 
a brief recitation of the facts is necessary. On July 27, 2004, Appellant 
pleaded guilty to the offense of aggravated sexual assault of a child under 
fourteen years of age. The court ordered the preparation of a presentence 
investigation report; mental and behavioral assessments of Appellant were 
conducted by a psychiatrist and a registered sex offender treatment provider. At 
the punishment hearing, Appellant’s counsel had several matters stricken from 
the presentence investigation report, including references to some extraneous 
offenses. However, during the hearing, Appellant’s counsel did not object when 
the same extraneous offenses were presented during the State’s 
cross-examination of Appellant’s father. The extraneous offenses included an 
instance when Appellant’s father called the police because “I was having a 
problem with him [Appellant],” and an allegation of a previous assault by 
Appellant on another female several years earlier in Appellant’s native 
country of Nigeria.
Ineffective 
Assistance of Counsel
        Appellant 
complains that he received ineffective assistance of counsel at the punishment 
hearing. Specifically, he argues that his counsel was ineffective for failing to 
make a confrontation clause objection when the State presented extraneous 
offenses through cross-examination, thereby waiving Appellant’s Sixth 
Amendment right to confront his accusers.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, Appellant must 
show that his counsel's performance was deficient; second, Appellant must show 
that the deficient performance prejudiced the defense. Strickland, 466 
U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 
(Tex. Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. See Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
"[C]ounsel is strongly presumed to have rendered adequate assistance and 
made all significant decisions in the exercise of reasonable professional 
judgment." Id. at 690, 104 S. Ct. at 2066. An allegation of 
ineffective assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 813. It is not necessary that a defendant raise an ineffective assistance 
claim at trial or in a motion for new trial in order to raise it on appeal. Robinson 
v. State, 16 S.W.3d 808, 809-11 (Tex. Crim. App. 2000). However, under 
normal circumstances, the record on direct appeal will not be sufficient to show 
that counsel’s representation was so deficient and so lacking in tactical or 
strategic decision-making as to overcome the presumption that counsel’s 
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 
833 (Tex. Crim. App. 2002). Our scrutiny of counsel's performance must be highly 
deferential, and every effort must be made to eliminate the distorting effects 
of hindsight. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
        In 
the present case, Appellant contends that he received ineffective assistance of 
counsel because his counsel failed to object to the extraneous offenses 
presented during testimony at the punishment hearing. Appellant’s ineffective 
assistance of counsel claim fails because the record is devoid of evidence 
regarding counsel’s reasons or strategy concerning the challenged actions. By 
not seeking those explanations, Appellant has failed to overcome the presumption 
that the challenged actions were sound trial strategy. See Bone, 77 
S.W.3d at 833. Although Appellant filed a motion for a new trial, the motion did 
not assert the ineffectiveness of counsel. See Brown, 155 S.W.3d at 631. 
Therefore, no record was developed regarding the reasons counsel did not object 
to the extraneous offense evidence, and we are unable to determine whether the 
challenged actions were part of counsel’s trial strategy. Because Appellant 
failed to meet his burden under Strickland, his sole point on appeal is 
overruled.
Conclusion
        Having 
overruled Appellant’s sole point on appeal, we affirm the trial court’s 
judgment.
   
  
                                                                  PER 
CURIAM
  
  
PANEL 
F: HOLMAN, J.; CAYCE, C.J.; and McCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 8, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.