

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-10-00401-CR

**KIMBERLY DAWN GROSS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 09-00778-CRF-272

_____

## MEMORANDUM  OPINION

_____

Kimberly Gross was convicted of possession of a controlled substance in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). She was sentenced to two years in a state jail facility. Because the evidence is sufficient to support the conviction and because Gross did not meet the standard for ineffective assistance of counsel, the trial court's judgment is affirmed.

FACTS

A green pickup with two occupants went through the drive through of a fast food restaurant and then parked in the parking lot by a white privacy fence. A few

moments later, a brown station wagon pulled in and parked next to the pickup. The driver of the pickup got out and entered the passenger side of the station wagon. They began to conduct a drug deal. About two minutes later, Gross pulled into the parking lot in her pickup and parked directly behind the green pickup. She got out and greeted the passenger of the green pickup who had also exited that pickup. Agents from the Department of Public Safety, who had been watching from across a field, pulled into the parking lot and interrupted the drug deal. An agent also questioned Gross. She was asked if she had drugs in her pickup. She said yes, and told the agent that there was a blue bank bag in the pickup bed tool box with drugs in it. Gross explained that she had been called earlier and told the drugs were there. She was given an opportunity to tell the agent who the person was that called her but she did not. The agent located the bag and confirmed the presence of what appeared to be methamphetamine. The lab test showed that the substance was methamphetamine and weighed .8 grams.

SUFFICIENCY OF THE EVIDENCE

In her first issue, Gross contends the evidence was insufficient to support her conviction because there were no sufficient additional independent facts and circumstances which link her to the methamphetamine. However, the "links" rule is used when an accused is **not** in exclusive possession of the place where the substance was found. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Gross was in exclusive possession of the pickup where the drugs were found. There were no other occupants in that pickup. Thus, the links rule does not apply to Gross's predicament.

In this case, the State was required to prove (1) Gross exercised control, management, or care over the substance; and (2) she knew the matter possessed was contraband. *Id.* at 405. The DPS agent asked Gross if she had any drugs in the pickup. She said yes and told the agent where to find them. Methamphetamine was located where Gross said it would be. When viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Blackman v. State*, No. PD-0109-10, 2011 Tex. Crim. App. LEXIS 497, *18 (Tex. Crim. App. 2011); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Gross's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In her second issue, Gross argues she was denied reasonably effective assistance of counsel. Gross timely filed a pro se motion for new trial alleging that her trial counsel was ineffective for failing to interview two potential witnesses, Kevin Biddle and Jerry Wager. A hearing was held where Gross, with newly appointed counsel, proposed to raise additional grounds of ineffective assistance of counsel. The State objected at the hearing, and objects on appeal, to the consideration of any additional grounds of ineffective assistance of counsel on the basis that those grounds were not raised within thirty days of the judgment. The State argues that Rule 21.4 of the Rules of Appellate Procedure requires that any amended motion for new trial be filed within thirty days of the entry of the judgment or, upon their objection, the trial court cannot consider the allegations in the amended motion. *See* TEX. R. APP. P. 21.4; *see also State v.*

*Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007). We agree. Further, the trial court stated at the hearing that it would not rule on anything not before it.

On appeal, however, Gross raises several more grounds, in addition to the ground of failure to interview the two potential witnesses, in support of her claim of ineffective assistance of counsel. It is well settled that the issue of ineffective assistance of counsel may be raised for the first time on appeal without the necessity of a motion for new trial. *See Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000). We, therefore, will consider Gross's additional grounds raised on appeal as well as the grounds raised in her motion for new trial.

To prevail on an ineffective-assistance claim, Gross must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See also Wiggins v. Smith*, 539 U.S. 510, 534, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). Both prongs must be met. *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).

Gross claims that trial counsel was ineffective for failing to interview Kevin Biddle and Jerry Wager. These were the two people engaged in the drug deal in the station wagon when DPS agents arrived. Biddle was the driver of the green pickup, while Wager was the driver of the station wagon. Gross also claims that trial counsel failed to raise objections to the DPS agent's testimony during guilt/innocence, failed to make an objection to misstatements by the State during closing argument, and failed to

make objections to the State's presentation of two extraneous offenses during the punishment phase of the trial. Even if we were to assume *Strickland's* first prong was met, Gross failed to demonstrate with a reasonable probability, that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See Harris v. State*, 34 S.W.3d 609, 618 (Tex. App.--Waco 2000, pet. ref'd). The second prong is not met. Accordingly, Gross's second issue is overruled.

### CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2011
Do not publish
[CR25]