FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**6/11/15**

**CECILE FOY GSANGER, CLERK**
BY DTello

ACCEPTED
13-14-00087-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/11/2015 4:57:37 PM
CECILE FOY GSANGER
CLERK

## No. 13—14—00087—CR

IN THE TEXAS COURT OF APPEALS
THIRTEENTH DISTRICT
AT CORPUS CHRISTI / EDINBURG

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/11/2015 4:57:37 PM
CECILE FOY GSANGER
Clerk

## ROSS ALLEN HARTWELL v. THE STATE OF TEXAS

Appeal from Cause Number D-1-DC—13—904031
Transferred from the Third Court of Appeals, No. 03—13—00825—CR
390th Judicial District Court, Austin, Travis County, Texas
Honorable Bob Perkins, Visiting Judge Presiding

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE THIRTEENTH COURT OF APPEALS:

Comes now Appellant Ross Allen Hartwell, by and through his appointed counsel Paul M. Evans, and files this, his Appellant's Reply Brief, in compliance with the Texas Rules of Appellate Procedure.

Respectfully submitted,

___/s/ Paul M. Evans_____
Paul M. Evans
Attorney for Appellant
811 Nueces Street
Austin, Texas 78701
(512) 569-1418
(512) 692-8002 FAX
paulmatthewevans@hotmail.com
SBN 24038885

1

# Table of Contents

Table of Contents     3

Index of Authorities     3

Reply to Appellee's "Reply Point Two" [Appellant's     3
Issue Number Two]

Prayer     6

Certificate of Service     6

Certificate of Compliance     7

# Index of Authorities

Texas State Statutes

Code of Criminal Procedure §35.16…………………………………….....3

Code of Criminal Procedure §35.21…………………………………..…...4

Code of Criminal Procedure §35.22……………………………..…3-4

Texas Cases

*Jackson v. State*, 877 S.W.2d 768 (Tex.Crim.App. 1994)……………………4

*Robinson v. State*, 16 S.W.3d 808 (Tex.Crim.App.2000)………………....5

*Smith v. State*, No. 03-07-00392-CR, 2009 Tex. App. LEXIS 5468
(Tex.App.—Austin 2009, pet. ref'd)……..……………….……….4

*Thompson v. State*, 9 S.W.3d 808 (Tex.Crim.App.1999)……………….……5

## Reply to Appellee's "Reply Point Two" [Appellant's Issue Number Two]

The State has made the following assertion in the Appellee's Brief regarding Jury Panelist No. 2 (Rodriguez), whose service on the jury forms the heart of Appellant's claim of ineffective assistance of counsel, raised as Issue Number Two in the Appellant's brief:

> "As an initial matter, the State asserts that Rodriguez was not subject to a challenge for cause simply because he agreed that he would be disturbed by graphic evidence. *See* Tex. Code Crim. Proc. Art. 35.16 (listing challenges for cause)."

Appellee's Brief at 23; *see* Appellant's Brief at 13, 44-51.

Rodriguez not only stated he would "be disturbed by graphic evidence." He clearly and eloquently expressed that such evidence would keep him from being fair and objective. **RR6** 147-9. Tex. Code Crim.Proc. § 35.16 (c)(1) provides that the defense may make a challenge for cause when a panelist "has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor." Appellant would argue that Rodriguez's answers demonstrate that he would not be able to follow the oath of the jury, as provided by Tex. Code Crim.Proc. § 35.22: "When the jury has been selected, the following oath shall be

administered them by the court or under its direction: 'You and each of you do solemnly swear that in the case of the State of Texas against the defendant, you will a true verdict render according to the law and the evidence, so help you God.'" Evidently the trial court agreed with this position, as the five panelists who agreed with Rodriguez's opinion were in fact discharged after they were challenged for cause. **RR6** 149-55, 169-75. As provided by Tex. Code Crim.Proc. § 35.21, "[t]he court is the judge, after proper examination, of the qualifications of a juror."

The State has supported its argument by citing *Jackson v. State*, 877 S.W.2d 768, 769 (Tex.Crim.App. 1994) and *Smith v. State*, No. 03-07-00392-CR, 2009 Tex. App. LEXIS 5468, at *1-15 (Tex.App.—Austin 2009, pet. ref'd) (mem.op., not designated for publication). In both cases, the juror in question mentioned only a probability of bias. In neither case did the panelist in question express him or herself as emphatically as Rodriguez did in the instant cause.

Further, also unlike these two cases cited by the State, trial counsel's strategy in the instant cause was readily apparent from her voir dire presentation: to remove any juror who felt that the ability to be fair and objective would be compromised by the presentation of graphic evidence. *See* **RR6** 138-69. No speculation as to strategy is required. Without citation to authority, the State makes the assertion, "it looks like keeping Rodriguez on the panel was a strategic decision because trial counsel did not use all of her peremptory challenges." Appellee's

Brief at 25. If trial counsel felt as a matter of strategy that her other available options were even worse than Rodriguez, it would make much more sense if trial counsel had in fact exercised all of her allotted strikes.

Appellant would also point out that in Reply Point Eight, the State has essentially conceded that trial counsel failed to adequately investigate and research the validity of one of the enhancement paragraphs of the indictment prior to trial. *See* Appellee's Brief at 40-7.

While Appellant presently stands by all of the issues presented in the Appellant's Brief, Appellant urgently prays that this Court recognize the instant cause as "the rare case where the record on direct appeal is sufficient to prove that counsel's performance was deficient," and as such, this Court "should obviously address the claim in the first instance." *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App.2000), *citing Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, for the reasons stated above, Appellant prays that this Court find his conviction to be in error, and that this Court reverse the judgment of conviction and remand the cause to the trial court for a new trial. Appellant prays for all other general relief to which he may be entitled.

Respectfully submitted,

\_\_/s/ Paul M. Evans_____
Paul M. Evans
811 Nueces Street
Austin, Texas 78701
(512) 569-1418
(512) 692-8002 FAX
SBN 24038885

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Appellant's Brief was delivered by e-service facsimile to the office of the District Attorney of Travis County, on the 11[h] day of June, 2015.

\_\_\_/s/ Paul M. Evans_____
Paul M. Evans

## CERTIFICATE OF COMPLIANCE

Relying on the Microsoft Word 97-2003 Document word count utility, I hereby certify that the present document contains 1055 words, all contents included.

___/s/ Paul M. Evans_____

Paul M. Evans