Allen Tanner, Houston, for appellant.

John B. Holmes, Houston, Barbara A. Drumheller, Houston, for appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TAFT, J.

A jury found appellant, David Glenn Craig, guilty of aggravated sexual assault. Although the indictment contained enhancement paragraphs for prior convictions, one for grand larceny and another for aggravated sexual assault, the trial court found true only the prior conviction for aggravated sexual assault, and sentenced appellant to life in prison. We address: (1) whether the trial court erred by refusing to instruct the jury to disregard testimony after the trial court sustained an objection to a question that called for an inadmissible response; (2) whether a Crime Stoppers' presentation of appellant's photo on television constituted an unduly suggestive pretrial identification pro-

**David Glenn CRAIG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–97–00925–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1999.

cedure; and (3) whether the evidence establishing appellant's identification was legally and factually sufficient. We affirm.

### Facts

C.L. drove her minivan to a service station to buy a drink. Her seven-month-old daughter was in the rear seat. When C.L. returned to her minivan, appellant entered suddenly through the driver-side door. Appellant drove the minivan into a carwash stall behind the service station. He threatened C.L. with a knife and sexually assaulted her. He threatened to retaliate if she told anyone.

Several months latter, C.L. was watching the Crime Stoppers' portion of the televised evening news. The report was about appellant. When C.L. saw appellant's face, she was reduced to tears and became ill and vomited. The next day, C.L. phoned Crime Stoppers and reported the sexual assault.

### In–Court Identification

 Appellant argues in his second point of error that the trial court erred by denying appellant's motion to suppress C.L.'s in-court identification of him. Appellant argues it was the product of an unduly suggestive out-of-court identification procedure, namely, C.L.'s viewing appellant's picture on the Crime Stoppers' portion of the evening news.

 When an accused complains that a pretrial identification was unduly suggestive, but the pretrial identification did not involve police action, "the constitutional sanction of inadmissibility should not be applied." *See* *Rogers v. State*, 774 S.W.2d 247, 260 (Tex. Crim.App.1989). In *Rogers*, witnesses identified a capital murder suspect from a lineup. *Id.* at 259. The day before the lineup, the witnesses saw a picture of the suspect in a newspaper. *Id.* The newspaper picture depicted the suspect's arrest. *Id.* At trial, the witnesses identified the accused as the murderer. *Id.* On appeal, the accused complained that the witnesses viewed the picture depicting his arrest. *Id.* at 260. The court noted that, as far as it could tell, the photograph was not part of a greater scheme by law enforcement officers to suggest to an otherwise unsuspecting audience that the ac-

cused committed the murder. *Id.* The court held that in the absence of any official action contributing to the likelihood of misidentification, the constitutional sanction of inadmissibility would not be applied, regardless of the extent to which any witness's in-court identification might have been rendered less reliable by prior exposure to the picture. *Id.*

In the present case, the record does not reflect that the Crime Stoppers' Report involved any police action, much less that it was part of a law enforcement scheme to produce a suggestive identification. Therefore, following the rationale of *Rogers*, we conclude that the trial court properly denied appellant's motion to suppress.

We overrule appellant's second point of error.

The discussion of the remaining points of error does not meet the criteria for publication, and is thus ordered not published. TEX. R.APP.P. 47.4. We affirm the judgment of the trial court.