Opinion issued September 23, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00687-CR




JIRRON DEMON CURTIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 925340






MEMORANDUM OPINION

          A jury found appellant, Jirron Demon Curtis, guilty of aggravated robbery and,
after having found true one enhancement allegation that appellant had previously
committed robbery, assessed his punishment at 65 years in prison. See Tex. Pen.
Code Ann. § 29.03(a)(2) (Vernon 2003). We determine (1) whether the evidence is
factually sufficient to support appellant’s aggravated-robbery conviction, (2) whether
appellant received ineffective assistance of counsel at the punishment phase of the
trial for counsel’s not objecting to the admission of certain evidence, and (3) whether
appellant waived his complaint to the prosecutor’s jury argument. We affirm.
Facts
          On Friday, May 24, 2002, three men, armed with pistols and stun guns, entered
Goodman’s Air Conditioning and proceeded to rob the individuals inside the store
and to steal money from the store’s registers. A fourth man waited in a get-away van. 
The victims were made to lie face down on the floor, and the robbers held guns to or
pointed them at the victims’ heads, shocked them with the stun guns, and, in one case,
caused a victim’s head to bleed. One of the robbers—later identified as
appellant—saw a victim, Robert Reynolds, throw an envelope containing a large sum
of cash under a vending machine. Appellant then received a call on the cell phone
that he was carrying, after which the robbers decided to leave. As the robbers were
leaving, appellant stooped to grab Reynolds’s cash from under the vending machine. 
When appellant did so, however, his cell phone dropped out of his pocket. Reynolds
retrieved the phone.
 
          Based on reports of calls to and from the cell phone, the police eventually
located a suspect, who was appellant. The State presented evidence from some of the
victims that appellant was one of the robbers. In contrast, appellant offered evidence
supporting an alibi.Factual Sufficiency
          In his first point of error, appellant contends that the evidence presented at trial
is factually insufficient to support his conviction for aggravated robbery. Appellant
bases his factual-sufficiency challenge on the following: (1) he presented two alibi
witnesses, who testified that he was working on Friday May 24, 2002 at his place of
employment, and (2) only one victim, out of about five, identified appellant. 
          In reviewing a factual-sufficiency challenge, we ask “whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). The factual-sufficiency standard “acknowledges that evidence of guilt can ‘preponderate’ in favor
of conviction but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.” Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim.
App. Apr. 21, 2004). The appellate court should not substitute its own judgment for
that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
The fact finder is entitled to believe all, some, or none of any witness’s testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
          A person commits aggravated robbery if he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death in the course of
committing theft with intent to obtain or to maintain control of the property and uses
or exhibits a deadly weapon (here, a firearm). See Tex. Pen. Code Ann.
§ 29.03(a)(2); see id. § 29.02(a)(2) (Vernon 2003). The trial court also charged the
jury on the law of parties. See id. § 7.01(a) (Vernon 2003). Appellant attacks the
evidence supporting his identity as one of the robbers. See Craig v. State, 985
S.W.2d 693, 694 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (noting that alibi
is not defense, but is instead defensive theory offered to negate identity element of
charged offense).
          Contrary to appellant’s claim, three victims identified him as a robber. Of the
four victims who participated in a pre-trial line-up (Reynolds, Alfonso Rangel, Don
Bolding, and Robert Cummins), Reynolds positively identified, and Rangel gave a
“strong to tentative” identification of, appellant as one of the robbers. At trial, both
Reynolds and Cummins identified appellant as one of the three robbers.


 The robbers
did not wear masks, appellant did not wear sunglasses, it was a “very lit-up day,”
appellant was standing only about two and a half to three feet away from Cummins,
Reynolds got a “good look” at appellant’s face, and Cummins and Reynolds both
identified appellant as the robber who had been standing over Reynolds holding a gun
to his head. In fact, Reynolds testified that he was “absolutely sure” and that there
“was no doubt in [his] mind whatsoever” that appellant was the one who had held the
gun to his head. Additionally, the cell phone records led the investigating officer to
an individual who, in turn, led the officer to a house that was associated with
appellant’s name in police records. 
          In contrast, appellant’s alibi evidence consisted of the testimony of his
supervisor, Larry Williams, and of his co-worker, Christopher Williams. Larry
believed that appellant had worked on May 24, 2002 because that was a payday and
appellant had never missed working on paydays in May 2002. However, Larry could
not be certain that appellant was at work on May 24, 2002. Christopher testified that
he could not recall any work days that appellant had missed. However, Christopher
did not know if appellant had missed work on the days that Christopher had also been
absent, and Christopher could not remember what days he himself had been absent,
although he knew that he (Christopher) had not missed Fridays because they were
paydays. Both witnesses testified that one of appellant’s job duties was something
that would require his participation for the job’s equipment to function. Larry
testified that pay time was on Fridays between 4:30 and 5:00 p.m., and Christopher
testified that it was at about 1:00 p.m.
          Given this conflicting evidence, the question of whom to believe was for the
jury. See, e.g., Sharp, 707 S.W.2d at 614. The jury chose to believe the three victims,
rather than appellant’s co-workers. Moreover, appellant’s co-workers could not
definitively say that appellant had worked on the day of the crime. The jury may also
have believed that appellant could have collected his week’s pay, even without
having worked the entire payday itself, and could still have committed the crime.



          Accordingly, we hold that the evidence is factually sufficient to show that
appellant was one of the perpetrators. See Johnson v. State, No. 01-03-00319-CR,
2004 WL 1472064, at *3 (Tex. App.—Houston [1st Dist.] July 1, 2004, no pet.)
(designated for publication) (holding evidence factually sufficient to support
conviction for aggravated robbery, even though defendant presented alibi evidence,
because, among other things, resolution of conflicting evidence concerning
perpetrator’s identity was for jury).
          We overrule appellant’s first point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant argues that his trial counsel was
ineffective at the punishment phase of trial because counsel failed to object to
inadmissible evidence offered through four witnesses.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial).


 Appellant must show
both that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel’s error or omission, the result of the proceedings
would have been different, i.e., the error or omission was sufficient to undermine
confidence in the proceeding’s outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct.
at 2064-69. The constitutional right to counsel does not mean the right to errorless
counsel. See Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In
determining whether counsel was ineffective, we consider the totality of the
circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will normally
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case” in which the record suffices “to prove that counsel’s performance
was deficient” despite the record’s silence concerning counsel’s strategy, “an
appellate court should obviously address the [ineffective-assistance] claim . . . .” 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
A.      Testimony of the Trial-Court Clerk, Joleen Eller
          Appellant argues that trial counsel was ineffective because he did not object
to the testimony of Joleen Eller, the trial-court clerk, who testified to appellant’s
extraneous bad act of having forfeited bond. Eller testified that, in June 2002,
appellant impermissibly left before checking back with the court for a case reset after
having given a “rapid drug screen test”; in so testifying, Eller stated (as the docket
sheet partially reflected) that appellant had tested positive for PCP during the test. 
Counsel had no objection to Eller’s testimony or to the docket sheet and reset form
evidencing same. Appellant claims that counsel should have objected on the ground
that no qualified expert testimony supported the positive PCP result and that the
testimony was hearsay because someone else had performed the tests.


 See Tex. R.
Evid. 801, 802.
          The record is silent on counsel’s strategy in not objecting to this evidence, and
to guess that strategy in hindsight would require speculation. See Gamble, 916
S.W.2d at 93. However, we note that it appears, based on counsel’s questioning and
closing argument, that counsel himself used the docket sheet, reset form, and Eller’s
testimony to show that appellant had complied with several court orders. For
example, appellant appeared, as ordered, in May 2002 to have his case reset for jury
trial; appellant complied with the May 2002 reset order by again appearing, on time,
before the court in June 2002 for docket call; and appellant further complied with the
court’s order to give a rapid drug screen test, even though he failed to return to the
court after that test. The point of counsel’s questioning appears to have been that
appellant followed all but one of the orders given him in that time period. Counsel
also obtained Eller’s admission that she could not specifically recall the court’s
having instructed appellant to return after the drug test, although she testified that the
court normally instructed defendants to do so. Additionally, counsel might have
known or suspected that the State could call a chemist to testify about the test result
if counsel had objected to Eller’s testimony. Given this record, we cannot say that,
assuming that Eller’s mention of the rapid drug test result was inadmissible, this is
one of those “rare cases” in which counsel’s performance can be evaluated in
hindsight absent a record of his strategy. See Robinson, 16 S.W.3d at 813 n.7.
B.      Testimony of the Harris County Court Services Pretrial Officer, Melanie
Wright

          Appellant also asserts that trial counsel was ineffective for not objecting to the
testimony of Melanie Wright, a Harris County Court Services pretrial officer, who
testified to appellant’s positive result for the rapid drug screen test to which Eller had
testified immediately before. Counsel had no objection either to Wright’s testimony
or to the written drug screen sheet that was admitted during her testimony. Appellant
again asserts that counsel should have objected on the ground that no qualified expert
testimony supported the positive PCP test result and that the testimony was hearsay.
          Once again, the record is silent on counsel’s strategy in not objecting to this
evidence. See Gamble, 916 S.W.2d at 93. Moreover, assuming that Wright’s
testimony was inadmissible, counsel may well have realized that, because Eller had
already testified to the PCP results, an objection to Wright’s similar testimony would
likely not have prevailed. See Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App.
2003) (“An error in the admission of evidence is cured where the same evidence
comes in elsewhere without objection.”). And, as discussed above, counsel may have
allowed in all of Eller’s testimony, as well as the docket sheet from which she
testified, even though they showed a positive test result because he wanted to show
that appellant had complied with several court orders from the same time period. 
Also as before, counsel may have anticipated that the State could have provided a
chemist to testify to the test result had counsel objected. This is simply not one of
those rare cases in which we may evaluate counsel’s performance without knowing
his actual strategy. See Robinson, 16 S.W.3d at 813 n.7.
C.      Testimony of Houston Police Department Officer Stephen Hein
          Appellant further complains that trial counsel did not object to part of the
testimony of Houston Police Department Officer Hein, who testified about appellant’s
sexual assault of a minor, D.M., in July 2000. Specifically, appellant asserts that
counsel should have objected when Officer Hein testified that D.M. told him that
appellant had had sexual intercourse with her against her will. This is hearsay, but
appellant has failed to show that counsel was deficient or that the trial’s outcome
would have differed. First, counsel may have known that the State would later
present D.M. to testify to the sexual assault, rendering any hearsay objection moot. 
See Valle, 109 S.W.3d at 509. Therefore, because we have no record of counsel’s
strategy, we cannot say that counsel was necessarily deficient in not objecting. More
importantly, D.M.’s later testimony about the sexual assault, which is not hearsay and
which is far more detailed than the officer’s statements, shows that there is not a
reasonable probability that the trial’s outcome would have been different had counsel
objected. 
D.      Testimony of Harris County Deputy Sheriff Dianna J. Murr
          Appellant also asserts that trial counsel was deficient in not objecting to the
testimony of Deputy Murr, who, upon stopping appellant for a traffic violation, found
a large amount of cash in his car and a scale in the open garage near where the car had
been parked. Specifically, Deputy Murr testified that another officer had field-tested
the cash, that she had field-tested the scale, and that both items had field-tested
positive for cocaine. Counsel cross-examined the deputy about the stop, detention,
pat-down, and search, but did not object to the testimony concerning the field-test
results.
          Appellant argues that counsel should have objected on the ground that no
qualified expert testimony supports the positive cocaine results and that the testimony
is hearsay to the extent that it concerns a field test that another officer had performed. 
Again, nothing shows counsel’s reasons for not objecting. See Gamble, 916 S.W.2d
at 93. Counsel also addressed the deficiency in the State’s proof by requesting,
during the charge conference, that the court “direct a verdict of . . . not proven”
concerning the extraneous offense of cocaine possession arising from this incident
because a qualified expert had not testified that the substances were cocaine.


 The
trial court overruled that request. Additionally, during closing argument, counsel
asked the jury not to consider the extraneous offense of cocaine possession because
“there was [no] evidence there was any cocaine on the scale” because “there wasn’t
a chemist up there. That’s the way that those cases are proven.” Finally, counsel
might have anticipated that the State could have provided a chemist to testify to the
test results had counsel objected. Again, this is not one of those rare cases in which
we may evaluate counsel’s performance without knowing his strategy. See Robinson,
16 S.W.3d at 813 n.7.
          Moreover, with respect to all four challenged omissions of trial counsel, we
note that counsel represented appellant vigorously throughout guilt-innocence and
punishment. He continuously pursued appellant’s alibi theory, both through cross-examination and direct testimony; he presented two witnesses to support that
defensive theory; he vigorously cross-examined most witnesses in both parts of the
trial; he raised objections to the State’s witnesses and took an expert on voir dire; and
he presented a cogent closing argument at punishment that presented appellant’s
theories and downplayed appellant’s multiple extraneous offenses. Counsel is
generally to be judged by the totality of his representation, not by isolated acts or
omissions. See Thompson, 9 S.W.3d at 813; Saylor, 660 S.W.2d at 824.
          Additionally, we note that, for reasons in addition to those set out above, the
record does not show that a reasonable probability exists that, but for the complained-of omissions, the trial’s result would have been different. The punishment range was
5 to 99 years plus a possible $10,000 fine without the enhancement paragraph, and
it was 15 to 99 years plus a possible $10,000 fine with the enhancement paragraph. 
See Tex. Pen. Code Ann. §§ 12.32(a), (b), 12.42(c)(1), 29.03(b) (Vernon 2003 &
Supp. 2004-2005). Appellant received 65 years in prison and no fine. The State
adduced evidence—in addition to the evidence proving the enhancement allegation
of robbery and the cocaine and PCP incidents concerning which appellant contends
that his counsel was ineffective—that appellant had sexually assaulted a minor,
committed burglary of a habitation, choked and pushed a jail guard, forfeited bail, and
violated environmental laws by allowing gasoline to flow down a street drain, all
within approximately four years. Additionally, the aggravated robbery offense for
which appellant was tried was violent: there were at least five victims, the
perpetrators repeatedly shocked their victims with stun guns, the perpetrators held
guns to or at the victims’ heads and threatened to shoot them, one of the perpetrators
forced Bolding’s head down with a gun and cut his head, and the victims feared for
their life. Given these facts, there is not a reasonable probability that the trial’s
outcome would have been different if counsel had objected as appellant now claims
that counsel should have.
          For these reasons, we overrule appellant’s second point of error.
Improper Jury Argument
          In his third point of error, appellant complains of the prosecutor’s following
closing argument, which referred to appellant’s aliases, at guilt-innocence: “There is
really nothing you can get from all these names, except this is not the full list, which
should be pretty scary to you.” Appellant has waived his challenge because he did
not object to the argument below. See Valencia v. State, 946 S.W.2d 81, 82-83 (Tex.
Crim. App. 1997) (holding that complaining party must object and pursue objection
to adverse ruling in order to complain on appeal of improper jury argument, even if
that argument could not have been cured by instruction to disregard).
          We overrule appellant’s third point of error.
 

Conclusion
We affirm the judgment of the trial court.
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).