ARTHUR E. DUKU v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-507-CR

ARTHUR E. DUKU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Arthur E. Duku appeals his sentence of thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant entered an open plea of guilty to the offense of aggravated sexual assault of a child under the age of fourteen and elected to have the court assess punishment.  In his sole point on appeal, Appellant complains that he received ineffective assistance of counsel at his punishment hearing because his counsel did not raise a Sixth Amendment confrontation clause objection when the State presented extraneous offense evidence through cross-examination of a witness.  We will affirm.

Background

Only a brief recitation of the facts is necessary.  On July 27, 2004,  Appellant pleaded guilty to the offense of aggravated sexual assault of a child under fourteen years of age.  The court ordered the preparation of a presentence investigation report; mental and behavioral assessments of Appellant were conducted by a psychiatrist and a registered sex offender treatment provider.  At the punishment hearing, Appellant’s counsel had several matters stricken from the presentence investigation report, including references to some extraneous offenses.  However, during the hearing, Appellant’s counsel did not object when the same extraneous offenses were presented during the State’s cross-examination of Appellant’s father.  The extraneous offenses included an instance when Appellant’s father called the police because “I was having a problem with him [Appellant],” and an allegation of a previous assault by Appellant on another female several years earlier in Appellant’s native country of Nigeria.

Ineffective Assistance of Counsel

Appellant complains that he received ineffective assistance of counsel at the punishment hearing.  Specifically, he argues that his counsel was ineffective for failing to make a confrontation clause objection when the State presented extraneous offenses through cross-examination, thereby waiving Appellant’s Sixth Amendment right to confront his accusers.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that his counsel's performance was deficient; second, Appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
  See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id
. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  It
 is not necessary that a defendant raise an ineffective assistance claim at trial or in a motion for new trial in order to raise it on appeal.  
Robinson v. State
, 16 S.W.3d 808, 809-11 (Tex. Crim. App. 2000).
  However, under normal circumstances, the record on direct appeal will not be sufficient to show that counsel’s representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel’s conduct was reasonable and professional.  
Bone v. State
, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

In the present case, Appellant contends that he received ineffective assistance of counsel because his counsel failed to object to the extraneous offenses presented during testimony at the punishment hearing.  Appellant’s ineffective assistance of counsel claim fails because the record is devoid of evidence regarding counsel’s reasons or strategy concerning the challenged actions.  By not seeking those explanations, Appellant has failed to overcome the presumption that the challenged actions were sound trial strategy.  
See Bone
, 77 S.W.3d at 833.  Although Appellant filed a motion for a new trial, the motion did not assert the ineffectiveness of counsel.  
See Brown
, 155 S.W.3d at 631.  Therefore, no record was developed regarding the reasons counsel did not object to the extraneous offense evidence, and we are unable to determine whether the challenged actions were part of counsel’s trial strategy.  Because Appellant failed to meet his burden under 
Strickland
, his sole point on appeal is overruled. 

Conclusion

Having overruled Appellant’s sole point on appeal, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 8, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.