Opinion issued March 16, 2006
 
















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00077-CR




 ALEXCY G. MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 989329




MEMORANDUM OPINION
          A jury found appellant, Alexcy G. Martinez, guilty of deadly conduct and
assessed his punishment at four years’ confinement. Appellant, in two points of error,
contends that (1) he had ineffective assistance of counsel in derogation of his Sixth
Amendment rights and (2) the trial court erred in allowing the State’s witness to
testify to hearsay statements. For the reasons that follow, we affirm.
BACKGROUND
          On May 17th, 2004, Oscar Larios was awakened by a gunshot (at least one,
maybe more)


 and a bullet casingcrashing through a window and hitting an interior wall of
his house. Larios, who lived there with his wife, young daughter, and sister, Emerta
Larios,


 ran out of the house to the street and saw a blue car pulling away. Emerta, who had
also witnessed the events through the living room window; she later identified the
automobile as appellant’s.


 Oscar and Emerta testified that appellant had shot at
Oscar’s house in order to exact revenge on Emerta because of her efforts to distance
herself from appellant. Emerta testified that appellant told her that “if [she] did not
come back to him he was going to hit [her] where it hurts most, with [her] brother.”
          Ten days later, on May 27th, Oscar and Emerta were again awakened by
gunfire. Both testified that they saw appellant get out of an SUV and fire shots at
Oscar’s house. In addition, Oscar’s neighbor, Isabel Angel Contreras, testified that
he was “80 percent sure” that the person he saw get out of the vehicle and fire
gunshots at Oscar’s house was appellant. Officer C.R. Martinez of the Houston
Police Department testified, over appellant’s hearsay objection, that Contreras told
him the night of the incident that he was certain that it was appellant who had fired
gunshots at Oscar’s house.
DISCUSSION
Ineffective Assistance of Counsel
          Appellant first contends that he was denied effective assistance of counsel
because his trial attorney failed to object to inadmissible testimony alleging that
appellant committed an extraneous offense—specifically, the shooting incident on the
night of May 17. 
          Texas courts use the Strickland test promulgated by the United States Supreme
Court when reviewing ineffective assistance of counsel claims. See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under the first part of the
Strickland test, an appellant must show that counsel’s performance was deficient. 
“This requires showing that counsel made errors so serious that counsel was not
functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.”
Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999) (quoting Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1986)). The first part
presumes “that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case, and that [counsel] ‘made all significant decisions
in the exercise of reasonable professional judgment.’” Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994) (quoting Delrio v. State, 840 S.W.2d 443, 447 (Tex.
Crim. App. 1992)).
          Under the second part of the Strickland test, the appellant must show that the
deficient performance prejudiced the defense. “This requires showing that counsel’s
errors were so serious as to deprive the defendant of a fair trial, a trial whose result
is reliable.” Strickland, 466 U.S. at 687, 104 S. Ct. 2052. In other words, the
appellant “must show that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.” Id. at
694, 104 S. Ct. 2052. This part of the test carries “a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional assistance.”
Id. 466 at 689, 104 S. Ct. 2052, 2065.
           The assessment of whether a defendant received effective assistance of counsel
must be made according to the facts of each case. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Id. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent
both showings an appellate court cannot that conclude the conviction resulted from
a breakdown in the adversarial process that renders the result unreliable. Id.
          The record here is silent as to why appellant’s trial counsel failed to object the
events of the night of May 17. We will not speculate to find trial counsel ineffective
when the record is silent on counsel’s reasoning or strategy. Robinson v. State, 16
S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). Because we must be “hesitant to
declare counsel ineffective based on a single alleged miscalculation during what
amounts to otherwise satisfactory representation,” id. at 814, we hold that appellant
has failed to rebut the presumption that trial counsel had sound strategy. Accordingly
we overrule his first point of error.
Hearsay

          Appellant’s second point of error is that the trial court erred in allowingoverruling
appellant’s objection to Officer Martinez’s putative hearsay testimony as to the
certainty of Contreras’s identification of appellant on the night of May 27th. Rule
801(e) of the Texas Rules of Evidence defines as non-hearsay:
(1) Prior statement by witness. The declarant testifies at the trial or
hearing and is subject to cross-examination concerning the statement,
and the statement is:
          . . . 
 
          (C) one of identification of a person made after perceiving the person

Tex. Rules Evid. 801(e)(1)(c);. see also In Rodriguez v. State, 975 S.W.2d 667,682-83 (Tex. App.Texarkana 1998, no pet.) ( the Texarkana court of appeals
held thatholding that an officer’s testimony concerning a witness’s identification of the appellant where declarant was cross-examined about identification
was non-hearsay under under Rule 801(e)(1)(c) )).because the witness had been subject
to cross-examination about his identification of appellant. 975 S.W.2d 667, 682-83
(Tex. App.—Texarkana 1998, pet. ref’d)
          Rodriguez is factually similar to the present the casehere: the declarant, Contreras,
testified at trial and was subject to cross-examination concerning the statement by
Contreras to Officer Martinez after Contreras had seen appellant. At trial, appellant’s
trial counsel and Contreras had the following exchange on cross-examination:
Q:Mr. Contreras, when you said that you were 80 percent sure it was
my client, was it because you have heard the—the next door
neighbor saying that it was my client?
 
A: Yes.
 
. . .
 
Q: Did you have an opportunity to see the [appellant’s companion
the night of May 27]?
 
          A:      No.

          Because the statement at issue is explicitly defined as non–hearsay under our
rule 801(e)(1)(c), appellant’s second point of error is overruled.
           CONCLUSION
We affirm the judgment of the trial court in all respects.
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).