Opinion issued November 16, 2006








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00228-CR




DARREN HESTER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court 
Harris County, Texas
Trial Court Cause No. 1040508




MEMORANDUM OPINIONA jury found appellant, Darren Hester, guilty of evading arrest with a motor
vehicle


 and assessed punishment at six years in prison. In two points of error,
appellant contends that (1) the State improperly commented on his failure to testify
and (2) he received ineffective assistance of trial counsel.
          We affirm.
Background
          Houston police officers Steven Frank and David Carter were dispatched to
investigate a narcotics complaint at a gas station. When they arrived at the location,
they saw three men standing near the open driver-side door of a vehicle. As Officer
Carter detained the men, Officer Frank approached the vehicle and asked appellant,
who was sitting in the driver’s seat, to step out of the vehicle. Appellant ignored the
officer’s request and drove off.
          The officers pursued appellant in their patrol car. Officer Carter ran the license
plate number and determined that it belonged to appellant. By speeding and running
several stop signs, appellant was ultimately able to elude the officers. The next day
the officers went to appellant’s home and arrested him.
Comment on Failure to Testify
          In his first point of error, appellant contends that the State unconstitutionally
commented on his failure to testify. During the State’s closing statement, the
prosecutor made the following remarks of which appellant now complains: “You also
get to consider motive. Now, the Defendant didn’t take the stand, and you can’t hold
that against him. But you can think about why did he run and there’s a couple of
things that came out in the testimony that you can consider.” 
          Despite his contention on appeal that the prosecutor’s remarks were improper
comments on his failure to testify at trial, appellant did not raise this objection in the
trial court. To complain on appeal about an erroneous jury argument, a party must
object and pursue the objection to an adverse ruling. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). Trial counsel must timely object and point out the
specific grounds for the objection to preserve error, even if the claimed error is
constitutional or incurable. See id.; see also McDonald v. State, 186 S.W.3d 86, 91
(Tex. App.—Houston [1st Dist.] 2005, no pet.) (recognizing that Cockrell overruled
prior case law holding that counsel need not object to blatant and inflammatory
argument). Because he did not timely object to the State’s argument in the trial court,
appellant has waived his right to complain about the prosecutor’s remarks on appeal. 
See Tex. R. App. P. 33.1(a); Cockrell, 933 S.W.2d at 89.
          We overrule appellant’s first point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he received ineffective
assistance of counsel because his trial attorney did not object to the prosecutor’s
comment on appellant’s failure to testify. 
          The constitutional right to counsel does not mean the right to errorless counsel,
whose competency of representation is judged by hindsight. Robertson v. State, 187
S.W.3d 475, 483 (Tex. Crim. App. 2006). To prove ineffective assistance of counsel,
an appellant must show that (1) defense counsel’s representation fell below an
objective standard of reasonableness and (2) the deficient performance prejudiced the
appellant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); see Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In
determining whether counsel was ineffective, we consider the totality of the
circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Gamble, 916
S.W.2d at 93. However, “in the rare case” in which the record suffices “to prove that
counsel’s performance was deficient,” despite the record’s silence concerning
counsel’s strategy, “an appellate court should obviously address the
[ineffective-assistance] claim . . . .” Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000).
          Here, the record does not reflect counsel’s reasons for the lack of objection. 
Appellant did not file a motion for a new trial in which counsel’s reasons could have
been developed on the record. As a result, appellant has not overcome the
presumption that counsel could have acted pursuant to sound strategy. See Gibbs v.
State, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
          Appellant contends that this is one of those “rare cases” in which a record silent
as to counsel’s reasoning nonetheless reveals counsel’s deficiency. See Robinson, 16
S.W.3d at 813 n.7; see also Andrews v. State, 159 S.W.3d 98, 102–03 (Tex. Crim.
App. 2005) (holding that defense counsel rendered ineffective assistance because
“[t]here can be no reasonable trial strategy in failing to correct a misstatement of law
that is detrimental to the client”). We disagree with appellant’s contention. In this
case, counsel’s actions are such that reasonable trial strategy could explain them. 
Appellant’s trial counsel may have refrained from objecting to the prosecutor’s
remarks to avoid further emphasizing appellant’s choice not to testify. 
          We conclude that appellant has not shown that defense counsel’s representation
fell below an objective standard of reasonableness. We hold that appellant did not
receive ineffective assistance of counsel at trial, as claimed.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court. 




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Nuchia, Higley, and Wilson.




Do not publish. Tex. R. App. P. 47.2(b).