Opinion issued February
11, 2010

 



 

In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-08-01017-CR

———————————

 class=Section2>

ERICK DEWAYNE CHANDLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No.  1134853



 



 

MEMORANDUM OPINION

 

          Appellant, Erick Dewayne Chandler,
appeals a judgment that convicts him for the delivery of a controlled substance,
cocaine, weighing more than 4 grams and less than 200 grams, including any
adulterants and dilutants.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D),
481.112(d) (Vernon 2003 & Supp. 2009). 
Appellant pleaded not guilty to the offense.  The jury found him guilty, found true the punishment
enhancement paragraph, and assessed his punishment at 40 years in prison.  In two issues, appellant contends that his
trial attorney rendered ineffective assistance of counsel by eliciting evidence
that appellant had been involved in previous drug transactions and by failing
to object to testimony that appellant was involved in extraneous drug
transactions.  We conclude appellant has
failed to show that trial counsel’s performance was deficient.  We affirm.

Background

          An
undercover officer of the Houston Police Department narcotics division
purchased small amounts of cocaine from appellant at his apartment complex.
After two smaller transactions, the officer and appellant agreed to meet on
January 29, 2007 at the apartment complex where he would sell her three ounces
of cocaine for $1,435.  

On January 29, the officer went to appellant’s apartment
complex and parked.  Appellant told her
to wait in her van while he bagged up the drugs.  Appellant came out of the apartment complex,
got into the officer’s van, and handed her a bag of cocaine he took from his
pocket.  The officer then gave appellant $50
and told him the rest was in the back of the van.  After the officer got out of the van, an
arrest team arrested appellant.  The
undercover officer and other officers collected additional narcotics, drug paraphernalia,
and two scales from appellant’s apartment after getting permission to conduct a
search from Jolie Le Blanc, appellant’s girlfriend with whom appellant lived
four to five days a week.

A criminalist with the Houston Police Department Crime Lab determined
the substance appellant sold to the officer was cocaine weighing 84.5 grams.  She also testified that the substances found
in appellant’s apartment were cocaine in a combined weight of 445.1 grams.  She also confirmed residues from a scale, a Pyrex
bowl, a plastic bag, and a fork tested positive for cocaine.

          Le Blanc said she witnessed appellant handing
drugs to other people and cooking crack cocaine.  She also stated individuals would come to the
apartment looking for cocaine from appellant and that she did not report
appellant to the police because she was afraid of him.

Police officers charged appellant with two offenses, the
delivery to the undercover officer and possession with the intent to deliver
for the cocaine found in the apartment. 
He was tried for both offenses before a single jury that found him
guilty of the delivery and not guilty for the cocaine in the apartment.

Ineffective
Assistance of Counsel

          In his two issues, appellant contends
that trial counsel’s representation was ineffective.

A.              
Applicable
Law

          To prevail on a claim of ineffective
assistance of counsel, appellant must show that trial counsel’s performance was
deficient and a reasonable probability exists that the result of the proceeding
would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068
(1984).  The first
prong of the Strickland test requires
that the defendant show that counsel’s performance fell below an objective
standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Thus, the defendant must prove, by a
preponderance of the evidence, that trial counsel’s
representation objectively fell below professional standards.  Mitchell v. State, 68 S.W.3d 640,
642 (Tex. Crim. App. 2002). 
The second prong requires the defendant to show a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  See Strickland, 466 U.S. at 694, 104 S.
Ct. at 2068; Thompson, 9 S.W.3d at
812.  Because the reviewing court must,
however, indulge a strong presumption that counsel’s conduct falls within the
wide range of reasonable professional assistance, the defendant must overcome
the presumption that, under the circumstances, the challenged action “might be
considered sound trial strategy.”  Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.  

          Any allegation of ineffectiveness must
be firmly founded in the record, which must demonstrate affirmatively the
alleged ineffectiveness.  Thompson, 9 S.W.3d at 813 (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  We will not
speculate to find trial counsel ineffective when the record is silent on
counsel’s reasoning or strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994); Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  In
rare cases, however, the record can be sufficient to prove that counsel’s performance was deficient, despite the absence of
affirmative evidence of counsel’s reasoning or strategy.  See
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim.
App. 2000).  Such cases are
limited to occasions where no reasonable attorney could have made such a
decision.  Weaver v. State, 265 S.W.3d 523, 538 (Tex. App.—Houston [1st Dist.]
2008, pet. ref’d).        

          B.      Analysis


          In two issues, appellant contends he
received ineffective assistance because his trial counsel “elicited evidence
that appellant had been involved in previous drug transactions” and because his
trial counsel “failed to object to testimony that appellant was involved in
extraneous drug transactions.”  Appellant
contends that, in questioning the undercover officer, his attorney elicited the
fact that appellant had sold to her on previous occasions.  He also contends that his attorney failed to
object to testimony from appellant’s girlfriend that appellant sold drugs to
others in the past.

Appellant did not obtain a motion for new trial, which would
have afforded trial counsel an opportunity to explain his strategy, and no
direct evidence in the record establishes why appellant’s attorney acted as he
did.  We therefore presume that counsel
had a plausible reason for his actions.  See Thompson, 9 S.W.3d
at 814.  We next determine,
however, whether this is one of those rare cases where no reasonable attorney
could have made the decisions complained of in this appeal.  See id.


          Trial counsel could have objected to the
evidence about the prior drug transactions testified to by the undercover
officer and appellant’s girlfriend.  Texas
Rules of Evidence 404(b) does not allow evidence of other crimes, wrongs, or
acts to prove a person’s character or show conforming actions.  See
Tex. R. Evid. 404(b).  Evidence of other crimes, however, is
admissible “for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident . . .
.”  Id.;
see Cantrell v. State, 731 S.W.2d 84,
89 (Tex. Crim. App. 1987) (admitting extraneous offense evidence used to show
intent for charged offense).  

          Although appellant’s trial attorney could
have objected to the prior transactions but did not, failing to object can be a
strategic move that is part of a sound trial strategy.  See Stafford v. State, 813 S.W.2d 503, 508 (Tex. Crim. App. 1991)
(finding appellant failed to rebut presumption of counsel’s competence where counsel
failed to object to admission of separate drug transaction).  Here, the record supports the determination
that trial counsel’s failure to object was part of his trial strategy to show that
the officer and Le Blanc were not credible. 
Appellant’s counsel questioned the officer about her prior narcotics
purchases from appellant after the State had already questioned her on the same
purchases.   Although he did not object
to the evidence concerning the officer’s prior purchases from appellant, appellant’s
counsel aggressively questioned the officer about the specifics of these
transactions as part of a strategy aimed at showing her recollection of the
transactions was not trustworthy.  Counsel
described this strategy in his closing argument when he said that the officer’s
testimony was not trustworthy because she could not remember details of the
different transactions between herself and appellant.  Counsel similarly argued that Le Blanc was
not trustworthy because she was appellant’s co-defendant trying to get an
acquittal on the charge against her.  The
record supports that there was a trial strategy to allow appellant’s girlfriend
to discuss appellant’s prior drug transactions so that the attorney could then
attack her motives for testifying against appellant.

          Appellant has not shown that counsel’s
failure to object resulted in ineffective assistance; in fact, counsel’s
efforts resulted in the acquittal of appellant for one of the charges against
him, the possession with intent to deliver a controlled substance weighing at
least 400 grams charge, which was a first degree felony.  See
Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.112(f) (Vernon 2003 & Supp.
2009); Tex. Penal Code
Ann. § 12.32 (Vernon 2003 & Supp. 2009).  We conclude appellant has not shown that his
trial counsel’s actions fell below an objective standard of reasonableness.  We hold appellant does not meet the first
prong of Strickland for both issues.  See
Thompson, 9 S.W.3d
at 812.  Because the evidence
fails to show the first prong of Strickland,
we need not address the second prong.  We
overrule appellant’s two issues.




Conclusion

          We affirm
the judgment of the trial court.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

 

Do not publish.  Tex. R. App. P. 47.2(b).