**Affirmed as modified; Opinion Filed June 15, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01321-CR

### MAURICE LAMAR PIPER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-75812-T**

# MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Maurice Lamar Piper was indicted for murder. A jury convicted appellant of the lesser included offense of manslaughter and assessed punishment at eighteen and a half years' imprisonment. On appeal, appellant contends that he received ineffective assistance of counsel due to counsel's failure to request a jury instruction on voluntariness and inviting the court to include an instruction on the lesser-included offense of manslaughter. In the alternative, appellant requests that the judgment be modified to correctly reflect that appellant was convicted of the offense of manslaughter. As modified, we affirm the trial court's judgment.

## BACKGROUND

On June 18, 2015, appellant shot and killed Hardy Wilson during an altercation at a body shop. The altercation arose from a dispute over appellant's car which was at the shop for repairs

after it had been involved in an accident. Appellant's brother, Dominique Hawkins, accompanied appellant to the shop on the day of the shooting. The owner of the body shop, Ronald Wadley, and two other men present at the shop, witnessed the shooting and testified that appellant pulled out a gun and deliberately shot Wilson.

Wadley testified that appellant accused Wilson of taking parts off his car, and shot him after Wilson denied the accusation and threw his hands up in the air after appellant told him not to come any closer. He also testified that Hawkins was over thirty feet away from appellant at the time of the shooting. Freddie Whitaker and Colvin Nickerson testified that although Hawkins had earlier grabbed appellant by the arm in an attempt to get him to leave the premises, neither Hawkins nor anyone else, was near appellant when he shot Wilson. Ladon McKinney, another witness to the shooting, gave a recorded statement to police at the crime scene. After McKinney testified he could not remember what happened that day because he was high on marijuana, his statement was played for the jury. McKinney told police that he saw appellant pull out the gun and shoot Wilson after Wilson threw up his hands. McKinney also told police that Hawkins was trying to stop everything and tried to pull appellant back.

Appellant testified that Wadley and Wilson were complicit in facilitating an insurance fraud scheme involving the car. On the day of the shooting, appellant called Wadley and threatened to report the fraud to the insurance company because he believed Wadley was keeping the insurance checks and taking parts off the car to fix other vehicles. Appellant and Hawkins went to the shop after Wadley told him to come by and get his money. Appellant brought his gun with him because he suspected that Wadley was setting him up. After Wilson denied taking parts from his car and started approaching appellant, he drew his gun on him. When appellant told Wilson not to approach him, Wilson threw his hands up in the air and started taking steps backward. Hawkins was next to appellant and grabbed his neck and shoulder. The sudden jerk

–2–

from his brother's grabbing caused the gun to go off. Appellant testified that he had no intention of shooting Wilson and that if his brother had not pulled his arm, he would not have shot him. Appellant turned himself into the police six days later; Hawkins turned himself into the police sometime earlier. The jury found appellant guilty of manslaughter.

## ANALYSIS

### I. Ineffective Assistance of Counsel.

To prevail on an ineffective assistance of counsel claim, appellant must establish both that his trial counsel performed deficiently and that the deficiency prejudiced him. *State v. Morales,* 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). With respect to the first prong, the record on appeal must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Absent an opportunity for trial counsel to explain his actions, we will not conclude his representation was deficient "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Texas procedure makes it "'virtually impossible' " for appellate counsel to present an adequate ineffective assistance claim on direct review. *See Trevino v. Thaler,* 133 S. Ct. 1911, 1918 (2013) (quoting *Robinson v. State,* 16 S.W.3d 808, 810–11 (Tex. Crim. App. 2000)). This is because the inherent nature of most ineffective assistance claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). As a result, the better procedural mechanism for pursuing a claim of ineffective assistance is almost always through writ of habeas corpus proceedings. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex. Crim. App. 2003).

The record shows that at a pretrial hearing, appellant's counsel informed the trial court that he believed the lesser-included offenses of manslaughter and criminally negligent homicide would be raised by the evidence at trial and that he would be filing a notice of eligibility for community supervision. During voir dire, both the State and counsel discussed manslaughter with the jury panel. Counsel also discussed criminally negligent homicide and self-defense. The jury charge included an instruction on the lesser-included offense of manslaughter. Counsel's request for an instruction on criminally negligent homicide was denied. During closing argument, counsel argued that appellant was not criminally liable for the offense of murder but that if he did anything, he acted recklessly in pulling out the weapon itself.

Appellant contends that trial counsel was ineffective for not requesting an instruction on voluntariness. A person commits a criminal offense only if he voluntarily engages in conduct, including an act, an omission, or possession. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). "[T]he issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Brown v. State*, 955 S.W.2d 276, 280 (Tex. Crim. App. 1997) (quoting *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993)). When evidence of an independent event, such as the conduct of a third party is met, a defendant is entitled to an instruction on involuntary conduct when requested. *Id.* at 277. However, defensive issues "frequently depend upon trial strategy and tactics." *See Tolbert v. State,* 306 S.W.3d 776, 780 (Tex. Crim. App. 2010) (citing *Delgado v. State,* 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007)). Thus, the failure to request an instruction on voluntariness, even if the evidence raises the issue, does not automatically render counsel's performance deficient. Counsel is under no duty to raise every defense available, so long as counsel presents a defense that is objectively reasonable or strategically sound. *See Dannhaus v. State,* 928 S.W.2d 81, 85–86 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (counsel's strategy to focus on culpable mental state rather than self-

–4–

defense, mistake of fact, or voluntariness was not objectively unreasonable in light of the strong evidence of guilt); *see also Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) ("[J]ust because a competent defense attorney recognizes that a particular defense might be available to a particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case.").

In this case, appellant filed a motion for new trial. However, he did not raise a claim of ineffective assistance of counsel in the motion. Thus, trial counsel did not have an opportunity to explain himself in the trial court. On this record, we cannot conclude counsel's failure to request an instruction on voluntariness was not the result of sound trial strategy. *See Hathorn v. State,* 848 S.W.2d 101, 118 (Tex. Crim. App. 1992) (counsel's attempt to get the jury to find appellant guilty of a lesser offense can be explained as a sound trial tactic). Since appellant has failed to rebut the presumption of counsel's competence under the first prong, we need not consider the requirements of the second prong. We rule against appellant on his first and second issues.[1]

## II.    Modification of Judgment.

In appellant's third issue, he requests that we modify the judgment to accurately reflect that he was convicted of the lesser-included offense of manslaughter. The State agrees that the judgment should be modified to reflect a conviction for the second-degree felony offense of manslaughter. The trial record shows that the jury convicted appellant of the lesser-included offense of manslaughter. Accordingly, we modify the judgment as follows:

The Section entitled "Offense for which Defendant Convicted" is modified to state "Manslaughter."

---

[1] Appellant also claims that counsel was ineffective for "inviting the court to include in the jury charge the unsupported lesser-included offense of manslaughter." Appellant does not raise jury charge error in this appeal. The issue is whether appellant received ineffective assistance of counsel for failing to request an instruction on one of the defensive issues raised by the evidence. The issue of whether the evidence supported an instruction on the lesser-included offense of manslaughter has no bearing on that question.

–5–

The Section entitled "Statute for Offense" is modified to state "19.04."

The Section entitled "Degree of Offense" is modified to state "2nd Degree Felony."

*See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd.).

## CONCLUSION

As modified, we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
161321F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MAURICE LAMAR PIPER, Appellant

No. 05-16-01321-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-75812-T.
Opinion delivered by Justice Evans, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Section entitled "Offense for which Defendant Convicted" is modified to state "Manslaughter."

The Section entitled "Statute for Offense" is modified to state "19.04."

The Section entitled "Degree of Offense" is modified to state "2nd Degree Felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 15th day of June, 2018.