In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-17-00167-CR
_____

### RALPH EUGENE BRIDWELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A160313-R**

### MEMORANDUM OPINION

After pleading guilty to an indictment charging him with intoxication manslaughter,[1] Ralph Eugene Bridwell filed an appeal in which he argues that his plea was not voluntary. In one issue, Bridwell argues that he received ineffective

---

[1] *See* Tex. Penal Code Ann. § 49.08(a) (West 2011) (a person commits the offense of intoxication manslaughter if he operates a motor vehicle in a public place while intoxicated and, by reason of that intoxication, causes the death of another by accident or mistake).

1

assistance of counsel because his trial attorney failed to reasonably investigate certain matters, to develop a potential defense, and to properly advise him regarding the punishment the he could receive based on the circumstances in his case. Because the record on appeal fails to overcome the strong presumption that Bridwell received reasonable professional assistance, we affirm the trial court's judgment.

## Background

Late one night in October 2015, a car Bridwell was driving struck a man on a bicycle while both the car and the bicycle were travelling in a northeasterly direction on the shoulder of State Highway 12. When the investigating officer spoke with Bridwell at the scene, Bridwell agreed to provide the officer with a sample of his blood. Two other police officers accompanied Bridwell to a hospital, where a registered nurse obtained the sample. Three days later, the officer in charge of the investigation sent the sample to the Department of Public Safety's Crime Lab, which found that it contained 0.094 grams of alcohol per 100 milliliters of blood.[2]

In August 2016, a grand jury indicted Bridwell for intoxication manslaughter. Seven months later, without the benefit of a plea bargain, Bridwell appeared in court

---

[2] *See id.* § 49.01(2)(B) (West 2011) (providing that a person is intoxicated if his blood alcohol concentration is 0.08 or more).

and pleaded guilty to that charge.[3] One month later, during Bridwell's punishment hearing, Bridwell pleaded true to the two felony enhancement allegations in his indictment.[4] After pleading true to the allegations that he had committed two prior felonies, the trial court advised Bridwell his punishment range was "a minimum of 25 years confinement in the Texas Department of Criminal Justice-Institutional Division and a maximum of life[.]" Bridwell then called four witnesses to testify during the punishment phase of his trial. After hearing the punishment evidence, the trial court sentenced Bridwell to a thirty-five-year sentence.[5]

In the brief that Bridwell filed to support his appeal, he argues that his trial attorney (1) failed to properly investigate his case, (2) performed deficiently because he failed to develop potential defenses to the State's theory claiming that Bridwell was guilty of intoxication manslaughter, and (3) failed to advise Bridwell that

---

[3] *See id*. § 49.08(a), (b) (West 2011) (providing intoxication manslaughter is a second-degree felony).

[4] The enhancement allegations assert that in 2006, Bridwell was convicted on a charge of felony driving while intoxicated, and that in 1994, he was convicted of a second felony for aggravated assault.

[5] *See id.* § 12.42(d) (West Supp. 2018) (authorizing a maximum punishment of life in prison under the circumstances established by the record in Bridwell's case).

pleading true to the enhancement allegations in the indictment would subject him to the range of punishment that the trial court considered when assessing his sentence.

## Analysis

To establish a claim of ineffective assistance, the defendant must first establish that his attorney made errors so serious that the attorney failed to function as "counsel" as guaranteed by the Sixth Amendment.[6] Establishing that such serious error occurred is difficult without a record that is sufficient to overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."[7] Second, the defendant must show that "the deficient performance prejudiced the defense."[8] In the context of a guilty plea, "the defendant's burden is to demonstrate a reasonable probability that the deficient performance caused the defendant to waive a judicial proceeding that he was otherwise entitled to have."[9]

---

[6] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[7] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 690).

[8] *Strickland*, 466 U.S. at 687.

[9] *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018).

4

To overcome the presumption that the trial attorney provided the defendant with reasonable professional assistance, the evidence showing the trial attorney was ineffective must be "'firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.'"[10] Ordinarily, when the defendant failed to raise a claim of ineffective assistance in the proceedings that took place in the trial court, the record before the appellate court will seldom have been sufficiently developed to allow the appellate court to conclude that trial counsel made errors so serious that they violated the *Strickland* standards.[11] If the trial attorney who represented the defendant was never given the opportunity to explain the conduct that the defendant is challenging in his appeal, appellate courts generally presume that had such an opportunity been made available, the attorney's explanation would have shown that the choices made in defending the case were decisions that represented reasonable choices between different trial strategies.[12]

Here, the record does not show that Bridwell filed a motion for new trial. The record also contains no evidence showing what Bridwell's trial attorney did to

---

[10] *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

[11] *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012).

[12] *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

investigate the facts and law that were relevant to Bridwell's case. Without an explanation from Bridwell's trial attorney about what he did to investigate Bridwell's case, the record fails to show that Bridwell's trial attorney conducted an unreasonable investigation or made recommendations to Bridwell that fell below the standard of objectively reasonable assistance.[13] Moreover, were we to assume that Bridwell's trial attorney performed deficiently, the record that is before us in the appeal fails to show that Bridwell would have likely pleaded not guilty and chosen to go to trial given all the circumstances, as they are shown by the record before us in the appeal.

We conclude that Bridwell has failed to overcome the strong presumption that he received reasonable professional assistance.[14] We overrule Bridwell's ineffective

---

[13] *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). We also observe that the record shows the trial court told Bridwell about the punishment range that the court would consider in assessing his sentence during the hearing on his plea.

[14] *See Thompson*, 9 S.W.3d at 813-14 ("In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel."); *see also Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000) (stating that only in rare cases will the record on direct appeal be sufficient to establish a claim that counsel's performance was deficient).

assistance claim, without prejudice to his right to raise his claim in a post-conviction writ.[15] For these reasons, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 13, 2018
Opinion Delivered November 7, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[15] *See Goodspeed*, 187 S.W.3d at 392; *Robinson*, 16 S.W.3d at 813 n.7.